**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allstate Vehicle and Property Insurance Company, | No. CV-25-04251-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Miranda, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for leave to serve Defendant Edwin Wayne Jung ("Jung") via alternative means. (Doc. 12.) For the reasons that follow, the motion is granted.

## BACKGROUND

On November 14, 2025, Plaintiff filed the complaint. (Doc. 1.) The complaint arises from an alleged incident in October 2023 in which Jung was bitten by a dog while walking near an auto shop owned and operated by Plaintiff's insured. (*Id.* ¶¶ 8-14.) Plaintiff seeks a declaration that it owes no duty to indemnify or defend its insured. (*Id.* at 11-12.)

On November 18, 2025, Plaintiff obtained a summons issued to Jung. (Doc. 7.)

Between November 23, 2025 and December 15, 2025, a process server hired by Plaintiff made nine unsuccessful attempts to serve Jung at Jung's last known residential address, which is located on E. Riviera Drive in Tempe, Arizona ("the Jung Residence"). (Doc. 12 at 2 ¶¶ 3-5.) During one service attempt, the process server observed "a sign in

1  the yard that says 'Jung.'" (*Id.* at 7.) During the final service attempt, the process server
2  "spoke with a 'John Doe,' of high school age, who when asked for Edwin Wayne Jung, all
3  he stated is 'no' and closed the door. . . . There is a sign on the yard from Hamilton High
4  School Swim & Dive says Tay 'Boogie' Jung." (*Id.*at 8.)

On December 23, 2025, Plaintiff filed the pending motion for leave to serve by alternative means. (Doc. 12.)

### DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Rule 4.1(d) of the Arizona Rules of Civil Procedure, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules.

Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading

1  being served, and any court order authorizing an alternative means of service to the last-
2  known business or residential address of the person being served."

3      Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in
4  this context requires "something less than a complete inability to serve the defendant" and
5  even "something less than the 'due diligence' showing required before service by
6  publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App.
7  2010). In the context of Rule 4.1(k), "impracticable" simply means that the traditional
8  means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

9      The Court finds that the traditional means of service have proved to be
10 impracticable. Plaintiff's proposed alternative means of service—"(1) affixing a copy of
11 the Summons and Complaint to the front door of the Jung Residence; (2) USPS first-class
12 mail to the Jung Residence; and (3) USPS Certified Mail Return Receipt Requested to the
13 Jung Residence" (Doc. 12 at 3)—constitute "a reasonable effort to provide the person being
14 served with actual notice of the action's commencement," Ariz. R. Civ. P. 4.1(k)(2), with
15 the caveat that Plaintiff must also include a copy of this order in each packet of materials.

16     Accordingly,

17     **IT IS ORDERED** that:

18     1.    Plaintiff's motion (Doc. 12) is **granted**.

19     2.    Service on Jung may be accomplished by (1) affixing a copy of the
20 Summons, the Complaint, and this order to the front door of the Jung Residence; (2) USPS
21 first-class mail of the same documents to the Jung Residence; and (3) USPS Certified Mail
22 Return Receipt Requested of the same documents to the Jung Residence.

23     Dated this 7th day of January, 2026.

Dominic W. Lanza
United States District Judge