**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Allstate Vehicle and Property Insurance Company,

Plaintiff,

v.

Luis Miranda, et al.,

Defendants.

No. CV-25-04251-PHX-DWL

**ORDER**

In September 2024, Edwin Wayne Jung ("Jung") sued Luis Miranda ("Miranda") and Jane Doe Miranda in Maricopa County Superior Court, alleging that he sustained injuries when a dog on the premises of Miranda's auto shop ran out onto the street and bit him. (Doc. 1 ¶¶ 10-11.) At the time of the alleged incident, Miranda held an insurance policy issued by Allstate Vehicle and Property Insurance Company ("Allstate"). (*Id.* ¶ 14.)

In this action, filed in November 2025, Allstate has sued Jung and Miranda and seeks a declaration that it owed no duty to defend or indemnify Miranda in Jung's underlying state-court action against Miranda. (Doc. 1.) Jung has now answered the complaint (Doc. 18) but Miranda defaulted after being served (Docs. 14-16). Allstate has, in turn, filed a motion for default judgment as to Miranda, seeking a declaration that "Allstate owes no duty to indemnify or any duty to defend Miranda under the Policy for any injuries or damages sustained by Jung, as alleged in the Tort Complaint." (Doc. 19-1 at 2.) Miranda did not respond to Allstate's motion but Jung did—he contends the motion should be denied because, "as the injured tort victim, [he] has an obvious legal interest in

the outcome of the coverage dispute between Allstate and its policyholder and the default judgment sought by Allstate would purport to resolve all coverage issues in favor of Allstate. The requested relief would be fatal to Defendant Jung's interest in collecting any available insurance proceeds and should be denied." (Doc. 20 at 2.) In reply, Allstate "clarifies and narrows the relief requested in its Motion for Default Judgment. Specifically, Allstate seeks default judgment against Miranda only as to the limited issue of whether Allstate owes Miranda a duty to defend in the underlying tort action . . . [and] does not seek a determination regarding indemnity coverage or any ruling that would impair Jung's ability, as an injured third party, to litigate coverage issues relating to the Tort Action." (Doc. 23 at 1.)

After reviewing Allstate's reply, the Court required Jung to file a notice "specifying whether he opposes the narrowed form of relief requested in Allstate's reply brief (and if so, why)." (Doc. 25.) In his notice, Jung states that he opposes Allstate's narrowed request, both because he "has an independent right to litigate all of the coverage issues implicated in Allstate's Complaint for Declaratory Relief" and because "[t]o find that Allstate owes no duty to defend Mr. Miranda (as Allstate now requests), the Court would . . . , by practical application and implication, absolve Allstate of its narrower duty to indemnify." (Doc. 26.)

The Court agrees with Jung that Allstate's motion for default judgment as to Miranda should be denied. The rule in the Ninth Circuit is that when, as here, an insurer brings an action for declaratory relief regarding insurance coverage, the injured third party has an independent right to litigate coverage even if the insured defaults. In *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183 (9th Cir. 2009), an insurance company brought a declaratory relief action against its insured policyholder, seeking a declaration that it had no obligation to defend or indemnify its policyholder against a claim asserted by an injured party. *Id.* at 1185. The injured party intervened, the policyholder defaulted, and the district court entered a default judgment in favor of the insurance company, giving it "the declaration that it sought." *Id.* The injured party appealed and the Ninth Circuit reversed,

holding that "[i]t has long been established that, where there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment, let alone a judgment fatal to the interests of other parties" and that "[t]he argument for permitting another party to proceed is especially powerful in the context of third-party liability insurance, where the insured may lose interest and the injured party has the primary motivation to pursue the claim." *Id.* at 1189.

Admittedly, this case differs from *Westchester Fire* in that the default judgment there resolved both the duty to defend and the duty to indemnify in the insurer's favor, whereas Allstate has now clarified in its reply brief that it seeks a default judgment only as to Miranda and only as to the duty to defend. But Allstate has not established that it is entitled to such relief.

As an initial matter, the Court questions whether it even possesses the authority to issue the sort of narrowed default judgment now being requested. The complaint asserts a single cause of action—Count One is a claim for declaratory relief, asserted against both Miranda and Jung, seeking a declaration, *inter alia*, "that Allstate owes no duty to indemnify or any duty to defend Miranda under the Allstate House & Home Policy for any injuries or damages sustained by Jung, as alleged in the Tort Complaint." (Doc. 1 at 11.) Nevertheless, Allstate is now asking for a default judgment to be entered not only against Miranda alone, but only as to a portion of Count One (*i.e.*, the portion seeking a declaration as to the duty to defend) and not as to a different portion of Count One (*i.e.*, the portion seeking a declaration as to the duty to indemnify). This request is difficult to reconcile with Rule 54(b), which provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In short, although Rule 54(b) authorizes the entry of judgment as to a "claim" asserted against one defendant in a multi-defendant action, it does not authorize the entry of judgment as to a portion of such a claim. *See, e.g., Info. Resources,*

*Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451-52 (2d Cir. 2002) ("If the district court enters judgment on something less than a final disposition of an entire claim, the Rule 54(b) judgment is improper . . . .") (cleaned up). That appears to be the situation here, with the caveat that "[t]he line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure." *Acumen Re Mgmt. Corp. v. General Sec. Nat. Ins. Co.*, 769 F.3d 135, 141 (2d Cir. 2014) (cleaned up). *See also Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1028 (6th Cir. 1994) ("The lack of any 'generally accepted test' often makes the task of ascertaining whether a particular action presents one or more claims a formidable one.").

More important, even assuming that Rule 54(b) would otherwise authorize the issuance of the sort of narrowed judgment that Allstate now requests, the Ninth Circuit has held that when "co-defendants . . . are similarly situated, such that the case against each rests on the same legal theory," "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." *Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012) (cleaned up). *See also Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge . . . and another decree disaffirming the said charge, and declaring it to be entirely unfounded . . . . Such a state of things is unseemly and absurd, as well as unauthorized by law."). That rule is implicated here because a determination that Allstate has no duty to defend Miranda would necessarily imply that there are no facts alleged that come within the coverage of the liability policy:

> If the complaint in the action brought against the insured upon its face alleges facts which come within the coverage of the liability policy, the insurer is obligated to assume the defense of the action, but if the alleged facts fail to bring the case within the policy coverage, the insurer is free of such obligation.

*Kepner v. W. Fire Ins. Co.*, 509 P.2d 222, 224 (Ariz. 1973). *See also Teufel v. Am. Fam.*

*Mut. Ins. Co.*, 419 P.3d 546, 548-49 (Ariz. 2018) ("A liability insurer's duty to defend, which is separate from and broader than its duty to indemnify, generally arises if the complaint filed against the insured alleges facts that fall within the policy's coverage."); *Travelers Cas. & Sur. Co. of Am. v. Levin*, 2022 WL 2315558, *6 (Ariz. Ct. App. 2022) ("[T]he fundamental difference between the duty to defend and the duty to indemnify . . . [is that] the duty to defend is broader in scope . . . [and] extends not only to claims that—viewed when the action is initiated—*are* or *reasonably appear to be* within the scope of the indemnity obligation, but also to claims that *arguably are* or *might be found to be* within that scope.  Indeed, the duty of providing a defense to the indemnitee may exist even when it appears possible or likely that the injured person's claim lies outside the scope of the indemnity obligation.  This is because the very purpose of creating a duty to defend is not to provide indemnity against loss by the injured person, but to provide insurance against the risk of being sued.") (cleaned up) (emphases added).  Thus, a determination, enshrined in a default judgment, that Allstate had no duty to defend Miranda would seem to logically foreclose any suggestion that Allstate had a duty to indemnify Miranda—the very issue that Jung has "an independent right to litigate." *Westchester Fire*, 585 F.3d at 1188.

With that said, the Court's independent research has unearthed one case from outside the Ninth Circuit, not involving Arizona law, in which a default judgment limited to the duty to defend was entered against an insured in a declaratory relief action brought by an insurer even though the injured third party had not defaulted. *Admiral Ins. Co. v. J.R. Plaza Hotel II, Inc.*, 2021 WL 4819501, *1 (N.D. Ill. 2021) ("Admiral Insurance Company brought this declaratory judgment action against its insured, J.R. Plaza Hotel II, Inc., and Brian Porter, who filed a wrongful death lawsuit against J.R. Plaza in an Illinois court.  Plaintiff seeks a declaration that it has no duty either to defend or indemnify J.R. Plaza in Porter's case. . . . [T]he Court holds that Plaintiff is entitled to a default judgment stating that Plaintiff owes no duty to defend J.R. Plaza in the state litigation.").  That court reasoned that the potential for inconsistent judgments was not a reason to preclude relief because "a default judgment is normally not given preclusive effect under the collateral

estoppel doctrine because no issue has been actually litigated" and because the injured third party "will likely remain free to litigate from scratch [the insurer's] duty to indemnify if that issue ever ripens." *Id.* at *4 (cleaned up). Even so, this Court must follow Ninth Circuit law, and the Ninth Circuit has clarified that the "proper procedure" in this circumstance is to postpone the entry of default judgment against the defaulting party until the "completion of trial against non-defaulting defendants." *Garamendi*, 683 F.3d at 1083.

Accordingly,

**IT IS ORDERED** that Allstate's motion for default judgment (Doc. 19) is **denied without prejudice**.

Dated this 9th day of April, 2026.

Dominic W. Lanza
United States District Judge

- 6 -